**UNITED STATES of America,
Appellee,**

v.

**Larry Wayne SMITH, Appellant.
No. 14496.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 13, 1970.

Decided Sept. 29, 1971.

Thomas M. Moore, Wilson, N. C. (Court-appointed counsel) [Moore, Moore & Weaver, Wilson, N. C. on the brief] for appellant.

Thomas P. McNamara, Asst. U. S. Atty. (Warren H. Coolidge, U. S. Atty., on the brief) for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and BUTZNER, Circuit Judges.

PER CURIAM:

In March of 1970 the appellant pleaded guilty to threatening the life of the President in violation of 18 U.S.C. § 871. The briefs filed in this court in an effort to have the plea set aside raised only the issues of the voluntariness of the plea and the District Court's compli-

ance with Rule 11, Federal Rules of Criminal Procedure. We find no merit in those contentions. The record discloses full observance of the requirements of Rule 11 and establishes the voluntariness of the plea.

During oral argument we were informed of the conditions giving rise to the offending threat. It appears that while the appellant was confined in jail, he wrote and addressed a letter to the President. It contained the warning, "the first chance I get, I am going to come to the White House and murder you. I mean you will soon be dead dead dead." The name and number of the appellant's cellmate was written at the end of the letter. A postage stamp was attached; the letter was sealed and placed between the bars for pickup by the guards. There is no evidence to indicate which of the cellmates performed these final acts. The appellant asserts that the letter was simply designed to get the attention of the prison officials and that he knew that it would be censored. The government, however, says that some of the outgoing mail was not censored and that though this letter was censored, there was no rational basis for an advance conviction that it would be.

This dispute was never resolved because the appellant pleaded guilty.

■ The appellant now contends that he did not possess the criminal intent necessary to support a conviction for threatening the life of the President. He relies principally upon this court's decision in United States v. Patillo, 4 Cir., 431 F.2d 293; affirmed on rehearing en banc, 438 F.2d 13.

■ This court is not now in a position to apply the *Patillo* principles to determine whether a reversal is warranted

for this case comes to us after the appellant voluntarily pleaded guilty to the offense charged.[1] In such circumstances, the plea can be assailed only upon the ground that it was not voluntarily made or that it was based on misleading statements or incompetent advice from counsel. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763.

■ In an admirable effort on behalf of his client, the appellant's attorney candidly informs us that when he advised the guilty plea he was unaware of two recently decided cases, Watts v. United States, 394 U.S. 705, 89 S.Ct. 1399, 22 L.Ed.2d 664; and Alexander v. United States, 135 U.S.App.D.C. 367, 418 F.2d 1203. He argues that the result of this ignorance was the entry of an unadvised plea by the appellant. But we are not so quick to find grave fault in counsel's advice. Had he been fully aware of *Watts* and *Alexander*, it is doubtful that his advice would have differed since those cases were readily distinguishable on the grounds that they involved crude political hyperbole. This court's *Patillo* opinion might have cast more doubt upon the propriety of a guilty plea, but that decision had not yet been rendered. The following passage from McMann v. Richardson is appropriate in that regard to bring comfort to conscientious attorneys and stability to the criminal processes: "Although he might have pleaded differently had later decided cases then been the law, he is bound by his plea and his conviction unless he can allege and prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." No such transgression is evident in the present case.

Affirmed.

1. We do not imply that the facts as alleged in this instance would have brought the case within the scope of *Patillo*. A consideration of the merits of that contention was unnecessary.